ELECTRONICALLY FILED - 2024 Apr 15 8:09 AM - RICHLAND - COMMON PLEAS - CASE#2024CP4002316

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF RICHLAND | ) | CASE NO: 2023-CP-40-________ |
| LISA S. ROSS, as parent and guardian of B.T.R., a minor child over age 14, LISA S. ROSS, individually, and DAVID M. ROSS, individually, | ) | |
| Plaintiffs, | ) | |
| -vs- | ) | **SUMMONS**<br>Jury Trial Requested--Medical Malpractice |
| CVS PHARMACY, INC. and SOUTH CAROLINA CVS PHARMACY, LLC, DBA CVS/PHARMACY, | ) | |
| Defendants. | ) | |

TO: THE DEFENDANTS ABOVE NAMED AND DEFENDANTS' ATTORNEY(S):

YOU WILL PLEASE TAKE NOTICE that you are hereby summoned and required to Answer the Complaint in this action, of which a copy is herewith served upon you, and to serve a copy of your Answer on the attorney for the Plaintiff listed below at his office at 7011 Rivers Avenue, Ste 105, North Charleston, South Carolina, 29406, within thirty (30) days after service hereof excluding the date of such service. IF YOU FAIL TO ANSWER THE COMPLAINT WITHIN THE TIME AFORESAID, PLAINTIFF WILL APPLY TO THE COURT FOR A JUDGMENT BY DEFAULT FOR THE RELIEF DEMANDED IN THE COMPLAINT AND ANY OTHER RELIEF DEEMED APPROPRIATE.

GEORGE SINK, P.A. INJURY LAWYERS

*s/ Robert E. Treacy, Jr.*
Robert E. Treacy, Jr. SC Bar#12102
7011 Rivers Avenue, Suite 105
North Charleston, S.C. 29406
(843) 569-1700
rtreacy@sinklaw.com
*Attorney for the Plaintiffs*

North Charleston, SC
April 15, 2024

ELECTRONICALLY FILED - 2024 Apr 15 8:09 AM - RICHLAND - COMMON PLEAS - CASE#2024CP4002316

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF RICHLAND | ) | CASE NO: 2023-CP-40-________ |
| LISA S. ROSS, as parent and guardian of B.T.R., a minor child over age 14, LISA S. ROSS, individually, and DAVID M. ROSS, individually, | ) | |
| Plaintiffs, | ) | |
| -vs- | ) | **COMPLAINT**<br>Jury Trial Requested—Medical Malpractice |
| CVS PHARMACY, INC. and SOUTH CAROLINA CVS PHARMACY, LLC, DBA CVS/PHARMACY, | ) | |
| Defendants. | ) | |

TO: THE ABOVE-NAMED DEFENDANTS AND DEFENDANTS' ATTORNEYS

The Plaintiffs, Lisa S. Ross, both in her capacity as parent and guardian of her minor child B.T.R. and individually, and David M. Ross, individually, complaining of the Defendants herein, would show unto this Court:

1. That Plaintiffs Lisa S. Ross, David M. Ross, and their son B.T.R., are all residents of Richland County, South Carolina.

2. That the Rosses are married and raising their only child B.T.R. (12 years of age at the time of these events) in the Shandon area of Columbia.

3. That Defendants CVS Pharmacy, Inc. and subsidiaries South Carolina CVS Pharmacy, LLC, DBA CVS/Pharmacy are, upon information and belief, corporations established out of the State of South Carolina that do business in multiple locations within South Carolina and within the County of Richland, specifically at the location at 323 Devine Street in Columbia, South Carolina (Store#5576).

ELECTRONICALLY FILED - 2024 Apr 15 8:09 AM - RICHLAND - COMMON PLEAS - CASE#2024CP4002316

4. That Defendants CVS Pharmacy, Inc. and subsidiaries South Carolina CVS Pharmacy, LLC, DBA CVS/Pharmacy (hereinafter collectively "CVS") are in the business of, in part, selling and dispensing pharmaceuticals to customers as a licensed pharmacy conducting such practice within the rules, laws, and standards of care of pharmacy practice.

5. That Plaintiffs are customers of Store #5576 of CVS/Pharmacy at 323 Devine Street near their home in Columbia, South Carolina, in Richland County.

6. That on or about December 14, 2020, the Plaintiffs' 12-year-old son B.T.R. was being treated by his doctors for ADHD, non-specific anxiety disorder and major depression disorder. B.T.R. was already on Vyvanse, Prozac, Intuniv, and Vistoril. That as a result of a visit with Dr. Kristin Clary on this date, Dr. Clary prescribed B.T.R. a new medication to be taken in conjunction with other medications B.T.R. was already taking. Dr. Clary informed B.T.R.'s father David M. Ross that she recommended starting B.T.R. on a low dose of Abilify and explained the general risks and potential side effects. Ross and B.T.R. agreed to the recommendation. Dr. Clary sent a prescription for Abilify 2mg dose tablets with instructions for them to be labelled with directions to take one tablet each morning.

7. That on December 14, 2020, Plaintiff David M. Ross filled the prescription at CVS Store #5576 on Devine Street in Columbia, South Carolina. This is the same location all of B.T.R.'s prescriptions were filled. Mr. Ross took the bottle home and, on the morning of December 15, 2020, at 7:30 a.m., gave B.T.R. one tablet from the bottle.

8. That on December 15, 2020, B.T.R. went to school and stayed in the care of the Ross's grown niece after school until approximately 9:30 p.m. because Plaintiff Lisa S. Ross was

ELECTRONICALLY FILED - 2024 Apr 15 8:09 AM - RICHLAND - COMMON PLEAS - CASE#2024CP4002316

having knee replacement surgery at an outpatient surgical facility. Plaintiff David M. Ross was with his wife at the surgical facility until he was able to get her home around 9:30 p.m.

9. That on December 15, 2020, at approximately 7:30 p.m., Mr. Ross's niece called him at the surgery facility to report that B.T.R. was having trouble breathing and that his neck was tensed up and contracting involuntarily. Mr. Ross and his niece discussed the symptoms with concern for several minutes until they appeared to subside. About 30 minutes later, Mr. Ross's niece called him again to report that the same thing has happened (rapid difficult breathing and convulsion/tension in neck) and that after a few minutes, again, it seemed to subside. Mr. Ross asked his niece to call CVS to inquire whether these symptoms could be from his new medication.

10. That when the niece called CVS and described the symptoms and asked if they could be from the new medication, that is when the Plaintiffs learned from CVS that the prescription had been filled in error with 20mg tablets instead of 2mg tablets. When the niece reported this to Mr. Ross who was still stuck with his wife at the surgery facility, both Plaintiffs became very worried and distressed for B.T.R.'s well-being, which was compounded by their inability to be with him.

11. That when the Plaintiffs arrived home at around 9:30 p.m., B.T.R. was sleeping and not displaying symptoms. Mr. Ross called Poison Control to inquire if anything could be done to assist B.T.R.

12. That B.T.R. slept through the night and seemed to be okay when he awoke on December 16, 2020. However, as B.T.R. and Mr. Ross were getting into the car to take B.T.R.

ELECTRONICALLY FILED - 2024 Apr 15 8:09 AM - RICHLAND - COMMON PLEAS - CASE#2024CP4002316

to school, B.T.R. completely tensed up in a convulsion, had trouble breathing and could not lift his head. After a few minutes, these symptoms passed.

13. That Mr. Ross discussed B.T.R.'s condition over the phone with Dr. Clary that morning and followed her advice that he should stay home from school and be monitored, but did not likely need to go to the emergency room as it was hoped the one tablet would metabolize. The Plaintiffs were made aware that the doctor and CVS had spoken and discussed the error and the half-life of Abilify.

14. That B.T.R. was without symptoms until the afternoon of December 16, 2020, when he had another uncontrollable seizure/convulsion that was more severe than the previous ones and did not go away after a few minutes. B.T.R. was hot and sweating, was hunched over tensed up with muscles involuntarily contracted, and was having difficulty breathing. The Plaintiffs called 911.

15. That, although Plaintiff Lisa M. Ross needed to be cared for post-operatively by Mr. Ross, Mr. Ross had no choice but to leave her and go in the EMS with B.T.R. to the emergency room. B.T.R.'s dystonia continued the entire ride to the hospital and while at the emergency room until the anti-seizure medication he was given began to take effect. The emergency room physician decided to admit B.T.R. and monitor him through the next day when he was discharged without symptoms.

16. That during this entire experience, Plaintiffs and their son were very scared and uncertain of the severity or duration of consequence to the dosage error, which caused the three of them great distress and upset. The experience compounded B.T.R.'s existing reluctance to take medications which are vital to his well-being and progress through mental health issues

ELECTRONICALLY FILED - 2024 Apr 15 8:09 AM - RICHLAND - COMMON PLEAS - CASE#2024CP4002316

plaguing him at a critical period in his care. The experience also left the Plaintiffs with medical costs.

17. That the error in filling the Abilify prescription was avoidable and a result of negligent and grossly negligent acts and omissions made by the pharmacist and pharmacy staff at CVS store #5576 which are the product of specific breaches of the standard of pharmacy care made by these employees of CVS and also by the negligent, grossly negligent, wilful and wanton corporate acts, omissions, culture, policies and procedures created and enforced by CVS corporate establishing the environment in which the pharmacist and technicians must work such that the acts that directly caused the harms to Plaintiffs were foreseeable and preventable and deviations of the standard of pharmacy care reasonably expected in the State of South Carolina.

18. That the standard of care is, in part, established by statutory law in the South Carolina Pharmacy Practices Act, S.C. Code Ann. §40-43-30, §40-43-86(K), and generally recognized and accepted standards of care.

19. That these breaches of the standard of care proximately and directly caused the harms and losses to Plaintiffs and their son resulting in emotional distress to all three of them, physical pain and suffering to B.T.R., and medical costs to the parents.

WHEREFORE Plaintiffs seek actual and punitive damages for the three Plaintiffs (individual Kinard claims of the parents for both their emotional distress in witnessing the suffering of their child and their responsibility for the medical costs, and the claim of the minor for all damages) against the Defendants, jointly and severally, and for any further relief deemed just by this Court.

SEE NEXT PAGE FOR SIGNATURE

ELECTRONICALLY FILED - 2024 Apr 15 8:09 AM - RICHLAND - COMMON PLEAS - CASE#2024CP4002316

Respectfully submitted,

*s/ Robert E. Treacy, Jr.*
Robert E. Treacy, Jr.
SC Bar # 12102
Attorney for the Plaintiffs
GEORGE SINK, PA INJURY LAWYERS
7011 Rivers Ave, Suite 105
North Charleston, SC 29406
Phone: 843-569-1700
Fax: 843-569-1848
Email: rtreacy@sinklaw.com

North Charleston, SC
April 15, 2024